IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRIS LOFGRAN,                                    No. 3:16-cv-01375-HZ

        Plaintiff,

   v.

NANCY BERRYHILL, Acting                           OPINION & ORDER
Commissioner of Social Security,


George J. Wall
1336 East Burnside Street, Suite 130
Portland, Oregon 97214

      Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Renata Gowie
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

Ryan Lu
SPECIAL ASSISTANT UNITED STATE ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Chris Lofgran filed this action seeking judicial review of the Commissioner's

final decision to deny disability insurance benefits (DIB) and supplemental security income

(SSI). In an October 31, 2017 Order, I denied Plaintiff's motion to supplement the record with

additional evidence. ECF 30. Now, Plaintiff moves to remand the action back to the

Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g) to allow the Commissioner to

consider the evidence. I grant the motion.

Four documents are at issue in the motion: (1) a February 23, 2015 opinion letter from

Matt Lauzon, LCSW, Plaintiff's primary therapist; (2) a March 2, 2015 letter from Dr. Rachel

Landon, M.D., Plaintiff's ophthalmologist; (3) an April 9, 2015 letter from Dr. Alexandra

Choban, O.D., Plaintiff's optometrist; and (4) an April 30, 2015 letter from Lydia Radke, LCSW,

Plaintiff's probation officer. Pl.'s Mot. to Remand, Exhs. A-D, ECF 31.

Defendant opposes the motion, contending that the new evidence is not material and there

is no good cause for failing to previously submit the documents into the record. *See* 42 U.S.C. §

405(g) (court may order Commissioner to take additional evidence upon a showing that the new

evidence is material and there is good cause for the failure to incorporate such evidence into the

record in a prior proceeding); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) ("in

determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier.").

To be material under § 405(g), "the new evidence must bear directly and substantially on the matter in dispute." *Id.* (internal quotation marks omitted). Plaintiff must also show that there is a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Id.* (internal quotation marks omitted).

At step two of the sequential analysis, the Administrative Law Judge found Plaintiff's eye disorder and mental health disorder not severe. Tr. 21-22. The first document at issue in this motion is a February 23, 2015 letter from Plaintiff's treating therapist. Pl.'s Mot, Ex. A. Although the letter is dated after the ALJ hearing, the period of treatment was before the hearing. The letter documents Plaintiff's bipolar disorder and anxiety disorder. *Id.* Lauzon also opines that due to these conditions, Plaintiff would do better working only part-time. Plaintiff notes that an ability to work only part-time renders a claimant not employable. *See* Tr. 53 (vocational expert testimony on this issue). Thus, Plaintiff argues, the letter is material because it relates to treatment records the ALJ considered in the disability analysis and it could affect the determination of disability. Plaintiff makes the same argument regarding the letter from his probation officer who explains that a probationer must have documentation of a severe mental illness with psychoses to be on her caseload, Plaintiff provided documentation of Bipolar I, and that the information he shared and his presentation in her office were consistent with the diagnosis and confirmed he met the proper criteria. Pl.'s Mot., Ex. D.

Plaintiff's ophthalmologist provides a summary of his eye issues. *Id.*, Ex. B. Dr. Landon

recites his diagnoses of amblyopia of the right eye, strabismus status post surgery with residual esotropia and left hypertropia, and hyperopic astigmatism. *Id.* The hyperopic astigmatism is corrected with glasses. *Id.* But, with the other conditions, Plaintiff is bothered by constant double vision which is not relieved by prism glasses. *Id.* As a result, he has difficulty reading, even for short periods of time, he develops migraines from eye strain when he tries to read, and he is unable to drive at night. *Id.* Plaintiff's optometrist provided similar information about Plaintiff's condition, noting its unusualness which causes constant double vision not relieved by prism glasses. *Id.*, Ex. C. He suffers from eye strain and has developed migraines as a result. *Id.* He struggles to read or concentrate on any tasks that require attention and is unable to drive confidently for any length of time. *Id.*

The ALJ cited to medical records concerning Plaintiff's eye disorder in his step two determination. Tr. 21 (citing to Ex. 10F, Tr. 536-45). Ophthalmology and optometry records are also present within the 100+ pages of records from Kaiser Permanente. Tr. 252-304, 412-535. Plaintiff argues that each of the jobs the vocational expert testified that Plaintiff could perform is inconsistent with his visual limitations as described by the two treating sources. Thus, these two letters are material because they relate to treatment records the ALJ considered in the disability analysis and they could affect the determination of disability.

Defendant argues that the new evidence is not material because the letters are all dated after the period of disability considered by the ALJ which ended January 16, 2015. But, the letters from the therapist and the two treating doctors all address treatment provided *before* January 16, 2015. While the probation officer's letter is less clear about when Plaintiff entered her caseload, given that Plaintiff discussed his arrests at the hearing and was no longer in jail, an

inference is created that Plaintiff was on probation before the hearing and thus, Radke's letter presumably relates to the time period before January 16, 2015.

Defendant also makes several arguments addressed to each document about that document's lack of materiality. But, these are essentially merits arguments meaning the arguments either offer an interpretation of the document or an assessment of the document that should be performed by the ALJ in the first instance. For example, Defendant argues that Lauzon's statement that Plaintiff would most likely be most successful by working part time is not a functional limitation because it does not describe any specific limitations. But, it is the opinion of a treating source and is entitled to great weight. Any reasons for assessing less weight should be rendered by the ALJ in the context of all the evidence as a whole. In arguing that the eye specialists' letters are not material, Defendant relies on the ALJ's findings, Def.'s Resp. 5, as well as the evidence the ALJ relied on, to contend that the new evidence does not create the possibility of changing the outcome. But, it is exactly the ALJ's findings and the evidence he relied on that would or could be impacted by the new evidence. Given that the eye specialists' letters supplement their treatment records, there is a reasonable possibility these opinions could affect the ALJ's determination, especially considering that the step two determination of severity is not onerous. *E.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) "the step-two inquiry is a de minimis screening device"). While the materiality of Radke's letter is a closer question, Defendant's arguments about the lack of materiality are better made to the ALJ.

Defendant argues that good cause for the late submission is not established because they are nothing more than "favorable reports" offered after his claim was denied. *Mayes*, 276 F.3d at 463 ("claimant does not meet the good cause requirement by merely obtaining a more favorable

report once his or her claim has been denied").  Plaintiff must show that the new evidence was unavailable earlier.  *Id.*  Plaintiff states that in fact, none of the four letters here was available at the time of the hearing.  Plaintiff notes that these are not new treatment notes, or a new diagnosis of a previously unknown impairment, but are opinion letters from Plaintiff's providers which directly relate to the relevant time period.  In contrast to *Mayes* where the plaintiff sought remand based on a new herniated disc diagnosis which had not been significantly at issue in the hearing, Plaintiff argues here that his visual and psychiatric impairments are well-documented in the record and were considered by the ALJ.  Plaintiff also candidly argues that given how well these impairments are documented in the record, there was no reason to anticipate that the ALJ would not find them severe at step two.  Although they were obtained after the ALJ's decision, because they are primarily an interpretation of evidence the ALJ already had, they are not simply a "more favorable report" obtained after a denial.

While this is a close question, I agree with Plaintiff.  These letters were not in existence before the ALJ's decision.  The facts in *Mayes* are distinguishable.  And, because these letters are primarily an interpretation of evidence already in the record, they are different in kind from the "favorable report" at issue in *Mayes*.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Plaintiff's motion to remand [31] is granted. This case is remanded to the Commissioner for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). This Court will retain jurisdiction and refrain from entering a final judgment until the Commissioner returns with a new decision reflecting the inclusion and consideration of the new records.

IT IS SO ORDERED.

Dated this ___14___ day of ___February___, 2018


_____
Marco A. Hernandez
United States District Judge